IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RODERICK BROWN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No._____ |
| | ) | |
| CITY OF GALLOWAY | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW the Plaintiff, Roderick Brown, and brings this Complaint for Damages

and Injunctive Relief against the Defendant and in support thereof, states as follows:

### JURISDICTION

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 in that this

civil action arises under the Constitution and the laws of the United States; 28 U.S.C.

§1343(a)(4) in that this is a civil action to secure equitable or other relief under acts of Congress

providing for the protection of civil rights; 28 U.S.C. §2201  as this is a civil action for

declaratory relief in a case within this Court's jurisdiction; 42 U.S.C. § 2000(e)-5(f)(3) as this is

a civil action brought under Title VII of the Civil Rights Act of 1964; and 42 U.S.C. § 1981 *et.*

*seq*.

### VENUE

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(c) in that the

events or omissions giving rise to this civil action occurred in the city of Gallaway, Tennessee

and the Defendants are subject to the jurisdiction of this Court.

## PARTIES

3.      Plaintiff, Roderick Brown (hereinafter referred to as "Mr. Brown"), is a black male that resides and has resided at all times pertinent to the events referred to herein in the City of Galloway, County of Fayette, State of Tennessee.

4.      That Defendant, City of Galloway is an governmental entity and can be served with process through its Mayor, Dennis Timbes, 607 Watson Drive, P.O. Box 168, Gallaway, Tennessee, 38036.

## FACTS

5.      Plaintiff was hired for employment by Defendant in October of 2010 as an unpaid reserve officer, but moved to a full time paid officer position on April 11, 2011.

6.      Plaintiff was promoted from Captain to temporary Interim Chief of Police position twice, once in April of 2011and again on May 22, 2012. Upon each promotion, Plaintiff was told that he was not allowed the same fringe benefits of other non-minority Chiefs (also working for the same City Manager) such as take-home car privileges and increased pay.

7.      In June 2011, Keith Hogwood, a white male, was appointed Chief of Police by Tammie Hightower, City Manager, who is a white female.

8.      Tammie Hightower as City Manager had hiring and firing authority over police officers.

9.      Plaintiff returned to his former position as Captain upon Mr. Hogwood's appointment, but was later demoted from Captain to Patrolman. Plaintiff was not told the reason for the demotion but believed this was unfair and/or illegal.

10.     Plaintiff was promoted from Patrolman to Lieutenant by Keith Hogwood in December of 2011, which was approved by Ms. Tammie Hightower. Plaintiff was not told why he was promoted.

11.     When Keith Hogwood resigned in May of 2012, Plaintiff was again promoted to Interim Chief of Police on a temporary basis and again denied customary fringe benefits including take-home car privileges and an increased salary (which Chief Hogwood was given).

12.     From May 22 2012 until early August, 2012 Plaintiff was the Interim Chief.

13.     Ms. Tammie Hightower, City Manager's signature is on the document reflecting his interim promotion position.

14.     While Interim Chief, Plaintiff applied for the Terminal Agency Coordinator position on or about May 29, 2012, which he was allowed to do as Chief. On his application, he accurately listed his title as Chief of Police.

15.     On or about June 27, 2012, Plaintiff received a warning report based on a phone call accusing him of excessive speeding through the town of Somerville and allegedly endangering the town's residents. No investigation was conducted, nor was Plaintiff provided with a formal complaint about the incident. Plaintiff was suspended from work without pay for a period of ten (10) days. Plaintiff disputed the basis for his suspension.

16.     On or about the beginning of August 2012 and prior to August 7, 2012, Kevin Crawford, a white male, became Chief of Police.

17.     On or about August 7, 2012, Plaintiff was demoted from Lieutenant to Patrolman. Plaintiff was not given a reason for his demotion. Plaintiff believed his demotion was unfair and/or illegal.

18.     Plaintiff filed an EEOC claim on August 10, 2012 against the City of Galloway for discrimination as a black male. Plaintiff had been subjected to stricter rules than white male officers, including rules regarding doctor's notes for missed work. For example, while Plaintiff was required to have a doctor's note in a short amount of time for a missed day prior to getting paid,  white male officers were allowed a large amount of time to turn in a doctor's note while still getting paid. Plaintiff was written up for leaving work sick, but others white offers were not.

19.     Plaintiff has text messages via cellular phones which support his claims of racial discrimination (different treatment of minority vs non-minority Police officers) by Ms. Hightower. Some of these messages were sent to the Plaintiff, demanding that he return to work with a doctor's note the next working day to explain or justify his absence. Other messages were sent from Ms. Hightower to another officer, Brian Hubbard, who is a white male, stating that he is not required to bring a doctor's note and that he will not be penalized for an absence from work. Another message from Ms. Hightower to Brian Hubbard makes a point of describing the Plaintiff as disgruntled.

20.     When Plaintiff had to take time off for leave (like vacation), he had to get his leave pre-approved. Other white officers did not have to get their leave pre-approved.

21.     Plaintiff also had been subjected to different treatment while Chief, in that he did not have the same privileges and benefits as other non-minority Chiefs; and that he had been improperly periodically demoted and/or written up.

22.     On August 10, 2012, after filing the EEOC Charge, Plaintiff had a meeting with Tammie Hightower, Chief Crawford and Brian Hubbard. The meeting was in connection with Chief Crawford's appointment. During that meeting Tammie Hightower asked Plaintiff and Patrolman Hubbard if they had any questions. Plaintiff raised the issue of his demotion and that

he had filed an EEOC Charge earlier that day. He told Ms. Hightower that he felt he was being treated unfairly due to his race and that he had filed the EEOC Charge prior to coming to work that day. She said "oh really." And she told him and Patrolman Hubbard that she would be doing their evaluation on Monday.

23.     Four days after being told about the EEOC Charge for racial discrimination, Tammie Hightower, the City of Galloway City Manager terminated Mr. Brown. She allegedly had just learned about 1) a previous incident that happened in July 2011 regarding a serial number inquiry on a gun that turned out to be stolen by (someone not Plaintiff); and 2) asserted that she had not known about Plaintiff claiming to be Chief of Police on an application by Plaintiff to be a Terminal Agency Coordinator (which application had been filled out in May 2012). Ms. Hightower asserted that Plaintiff had falsely stated on this Terminal Agency Coordinator application that he was the Chief of Police when, according to her Plaintiff "has never been appointed Chief of Police for the Gallaway Police Department."

24.      Ostensibly due to these recently discovered events (recent in August 2012) Ms. Hightower terminated Plaintiff on August 13, 2012.

25.     The bases for the termination were untrue.

26.     Ms. Hightower was aware that Plaintiff was appointed Interim Chief of Police as she signed the Change of Status, which was received June 5, 2012 by the POST Commission. The effective date of change on the Change of Status form was May 22, 2012. As acting Chief of Police during this time, Plaintiff was able to apply for the position of Terminal Agency Coordinator.

27.     Ms. Hightower was also aware of the stolen gun incident, as it was reported to her via a report filed by Chief Hogwood while he was Chief (prior to May 2012). This incident

happened one year prior and had already been resolved by the proper authority in which Plaintiff was cleared of any wrongdoing.

28.     On July 20, 2011 Plaintiff asked Galloway City Dispatcher, Wanda Smith, to run the serial number on a gun to see if it was stolen. It did come back as stolen, therefore the dispatcher notified the agency who reported the gun stolen that Plaintiff had it in his possession. However, Plaintiff only had a serial number he was using and not the actual gun. The Chief of Police at the time, Keith Hogwood, handled the situation as he saw fit and cleared Plaintiff of all charges and notified Ms. Hightower of his findings and actions. TBI was contacted and agreed that Plaintiff was cleared of wrongdoing.

29.     Plaintiff had no other incidents of this nature during his employment with the City of Galloway Police Department.

30.     Plaintiff believes the sudden investigation that resulted in an abrupt termination of his employment on August 13, 2012 was in retaliation to the EEOC charge filed on August 10th, 2012 and/or was part of the ongoing racial discrimination.

31.     Due to the wrongful termination and ongoing retaliation, Mr. Brown has been unable to obtain a job since his termination. Although he has submitted several applications, he is continuously denied employment based on the reasoning and termination status from the City of Galloway Police Department -- reasoning that Plaintiff asserts is false and a guise for retaliation and/or racial discrimination.

32.     Further, on the date of Plaintiff's termination, Chief Crawford sent a Change of Status to the Tennessee Peace Officer Standards and Training Commission to have Plaintiff's certification as a law enforcement officer revoked. In this Change of Status form Chief Crawford reiterates the same reasons given by Ms. Hightower for Plaintiff's termination.

33.     Those reasons remain untrue.

34.     By letter from the POST Commission dated June 7, 2013, the POST Commission states that is has a request by the Gallaway Police Department to revoke his certification as a law enforcement officer.

35.     Because of the Defendant's discriminatory behavior, Plaintiff has suffered and continues to suffered lost income, and emotional distress, humiliation combined with the continuous frustration of not being able to find a job with the City of Galloway still making wrongful statements concerning Plaintiff's termination.

## Count 1

## Racial Discrimination in Violation of Title VII

36.     Plaintiff reincorporates by reference the allegations contained in all previous paragraphs of this Complaint as if fully set forth herein.

37.     Defendant, through its agents, representatives and employees, intentionally, willfully and knowingly discriminated against Plaintiff in the terms and conditions of his employment based upon racial discrimination in violation of Title VII.

38.     Plaintiff seeks injunctive relief to remedy the alleged wrongdoings in that he has no adequate or complete remedy at law to redress the discriminatory practices of Defendant.

39.     As a direct and proximate result of the acts and omissions of Defendant, through its agents, representatives and employees, Plaintiff has suffered substantial damages and injuries, including loss of income and benefits, humiliation, embarrassment and emotional distress, in violation of Title VII of the Civil Rights act of 1991, 42 U.S.C. § 2000, et.seq. and as amended.

## Count II

## Retaliation in Violation of Title VII

40.     Plaintiff is a member of a protected class and engaged in protected activity, including that he complained about racial discrimination and opposed unlawful employment practices of the Defendants.

41.     Plaintiff was retaliated against for engaging in protected activity.

42.     As a direct and proximate result of this retaliation, Plaintiff suffered harm, including loss of income and benefits, humiliation, embarrassment and emotional distress, in violation of Title VII of the Civil Rights act of 1991, 42 U.S.C. § 2000, et.seq. and as amended.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court enter a judgment in his favor against the Defendant:

1.     Awarding equitable relief and injunctive relief as may be appropriate, and including but not limited to back pay and front pay;

2.     Awarding Plaintiff judgment for compensatory damages and back pay in an amount not less than that allowed under the law, and not less than $300,000.00 against the Defendant;

3.     Awarding Plaintiff reasonable attorney's fees and costs of the cause; and

4.     Granting Plaintiff such further relief as the Court deems appropriate.

A JURY TRIAL IS DEMANDED.

Respectfully submitted,

HOLLAND & ASSOCIATES, PLLC

By:   /s/ Maureen T. Holland
      Maureen T. Holland, Esq.
      1429 Madison Avenue
      Memphis, Tennessee 38104
      mtholland@aol.com
      (901) 278-8120
      BPR 15202